IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH RAY BENTON PITTS                                                        PLAINTIFF
ADC #85938

V.                                           NO. 5:06cv00311 JMM

MS. SWYGANT                                                                       DEFENDANT

ORDER

On December 4, 2006, Plaintiff, a pro se inmate currently confined to the Cummins Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1), and a motion to appoint counsel and affidavit in support (docket entries #3, #4).  Plaintiff is an abusive litigator and is subject to the "three strike" provision contained in 28 U.S.C. § 1915(g).  While the allegations in his present complaint may be sufficient to demonstrate that he was in imminent danger of serious physical injury such that he may avoid § 1915(g)'s three strike provision, for the reasons stated below, the Court nevertheless finds it more appropriate to dismiss the present action and treat the complaint as a motion to amend to add a party Defendant in Pitts v. Johnson, 4:06CV00475.

**I.  Sua Sponte Dismissal**

As stated, Plaintiff is a "three-striker."  Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a

civil action, <u>at any time</u> either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  <u>Id</u>. § 1915(g).

Section 1915(g) has been held constitutional by <u>Higgins v. Carpenter</u>, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; <u>indigent inmates therefore control whether the three-strikes rule is ever applied to them</u>") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three or more prior complaints dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  Of the thirty-nine lawsuits Plaintiff has filed since September 1993, ten have been dismissed for failure to state a claim upon which relief may be granted,[1] five have been dismissed for failure to comply with the

---

[1] See <u>Pitts v. Moore</u>, 4:06CV01305 (dismissed September 22, 2006); <u>Pitts v. Brownlee</u>, 5:99CV00178 (dismissed September 7, 1999); <u>Pitts v. Johnson</u>, 5:99CV00071 (dismissed May 11, 1999); <u>Pitts v. Lay</u>, 5:95CV00651 (dismissed February 14, 1996); <u>Pitts v. Glover</u>, 5:95CV00618 (dismissed December 13, 1995); <u>Pitts v. Bonton</u>, 4:95CV00099 (dismissed March 27, 1995); <u>Pitts</u>

Court's orders, thus making those filings frivolous,[2] and eight have been dismissed based on Plaintiff's prior three strikes.[3]

The Court recognizes that seven of the ten dismissals as strikes occurred prior to the Prison Litigation Reform Act's ("PLRA") enactment on April 26, 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The merits of an inmate's underlying action are not changed by § 1915(g); only an inmate's ability to file the action in forma pauperis is affected. Furthermore, to interpret the statute as only applying to actions commenced after the effective date of the PLRA would give every prisoner, regardless of the number of prior frivolous suits, three more opportunities to pursue frivolous actions without pre-paying any filing fees. The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no

---

v. Bryant, 4:94CV00843 (dismissed January 23, 1995); Pitts v. Gaines, 5:94CV00684 (dismissed December 14, 1994); Benton v. Woodard, 5:94CV00345 (dismissed August 8, 1994); and Benton v. Benton, 4:94CV00215 (dismissed May 5, 1994).

[2] See Pitts v. Fitzpatrick, 5:97CV00299 (dismissed September 17, 1997) (failure to comply with the Court's order to submit an amended request to proceed in forma pauperis); Pitts v. Deloney, 5:96CV00434 (dismissed November 18, 1996) (failure to comply with the Court's order to submit an amended request to proceed in forma pauperis); Pitts v. Terry, 5:95CV00089 (dismissed September 6, 1996); Pitts v. Harris, 5:94CV00689 (dismissed August 8, 1995) (failure to comply with the Court's order to submit an amended complaint); and Pitts v. Terry, 5:95CV00046 (dismissed July 5, 1995) (failure to comply with the Court's order to submit an amended complaint).

[3] See Pitts v. Lay, 5:06CV00259 (dismissed October 24, 2006); Pitts v. Cass, 5:00CV00178 (dismissed May 26, 2000); Pitts v. Toney, 5:98CV00305 (dismissed July 29, 1998); Pitts v. Dobbs, 5:98CV00134 (dismissed May 19, 1998); Archie, et al. v. Norris, 5:97CV00260 (dismissed October 20, 1997); Pitts v. Morgan, 5:97CV00345 (dismissed August 21, 1997); Pitts v. Rowe, 5:97CV00110 (dismissed March 31, 1997); and Pitts v. Bradley, 5:97CV00042 (dismissed February 10, 1997).

longer prosecute a claim in forma pauperis. See In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes); see also Ayers v. Norris, 43 F. Supp.2d 1039, 1044 n.4 (E.D. Ark. 1999), overruled on other grounds by Higgins, 258 F.3d at 800 (stating that § 1915(g)'s three strike provision does not have an impermissible retroactive effect; court properly counted four of inmate's pre-PLRA in forma pauperis complaints as strikes that had been dismissed as frivolous).[4]

### III. Imminent Danger

Plaintiff alleges that Defendant conducted a shakedown in his barracks on November 22, 2006, and confiscated his water pill medication that he uses to prevent swelling in his body. Plaintiff alleges that without this medication he could have a stroke or a heart attack. He states claims for excessive force and deliberate medical indifference. Despite Plaintiff's obvious abusive use of the legal system, and with his three-strike history in mind, the primary issue for consideration at this time is whether Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint such that he may avoid § 1915(g)'s three strike provision. As a collateral but highly relevant matter, Plaintiff has a pending case in this district (Pitts v. Johnson, 4:06CV00475) that concerns various medical issues. Having reviewed the complaint in that case, as well as Plaintiff's

---

[4] Many other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of Section 1915(g). See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000) (per curiam); Ibrahim v. District of Columbia, 208 F.3d 1032, 1035-36 (D.C. Cir. 2000); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 461-62 (5th Cir.1998); Wilson v. Yaklich, 148 F.3d 596, 602-04 (6th Cir. 1998); Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam); Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

motion to amend that complaint (see docket entry #45, Case No. 4:06CV00475)[5] and the order granting Plaintiff's amendment (see docket entry #51, Case No. 4:06CV00475), this Court finds that Plaintiff's current complaint should be filed as a motion to amend, to add an additional Defendant and claim, in the previously-filed case.

The Court will not permit Plaintiff to actively litigate numerous matters at the same time, thereby needlessly tying up the Court's and its staff's resources under the guise of meeting the imminent danger exception. To allow this would afford Plaintiff multiple opportunities to avoid § 1915(g)'s three strike provision. Moreover, should Plaintiff wish to continue the present case as a separate matter, he is more than welcome to submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

### IV. Conclusion

For the reasons explained herein:

1. Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT.

2. The Clerk of the Court is directed to file Plaintiff's complaint herein against Defendant Swygant as a motion to amend to add a party Defendant in Pitts v. Johnson, 4:06CV00475.

---

[5] Plaintiff's amendment in Pitts v. Johnson addresses the denial of his numerous medications, including the water pills at issue in the present case, that he was receiving prior to his most recent incarceration.

3.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this   19   day of January, 2007.

>	*[signature]*
> UNITED STATES DISTRICT JUDGE